

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2005

# Favors v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1069

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Favors v. USA" (2005). *2005 Decisions.* Paper 961.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/961

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 04-1069 and 04-3227

_____

SHARLETTA FAVORS,

*Appellant*

v.

UNITED STATES OF AMERICA; U.S. DEPARTMENT OF JUSTICE; UNITED STATES
MARSHALS; BENINGO G. REYNA, UNITED STATES MARSHSAL DIRECTOR; SMITH,
UNITED STATES MARSHAL DEPUTY; JANE DOE, UNITED STATES MARSHAL

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 02-cv-09496)
District Judge: Honorable Stewart Dalzell

_____

Argued: June 8,  2005

Before: FUENTES, VAN ANTWERPEN and BECKER, *Circuit Judges*

(Filed:    June 27, 2005)

ALAN E. DENENBERG (Argued)
Abramson & Denenberg
1200 Walnut Street
Sixth Floor
Philadelphia, PA 19107

*Attorney for Appellant*

JOSHUA WALDMAN (Argued)
United States Department of Justice
Civil Division, Appellate Staff
601 D Street, NW
Washington, DC 20530
       *Attorney for Appellees*

_____

OPINION

_____

BECKER, *Circuit Judge*.

These appeals by Sharletta Favors stem from a mistaken arrest. Deputy U.S. Marshal Wright Smith, acting pursuant to a warrant for a Charlotte Robinson, arrested Favors in her home on April 5, 2001. She then filed a *Bivens* suit against numerous defendants claiming multiple constitutional and other violations, but Judge Dalzell granted summary judgment for defendants on all counts. This is an unfortunate case, as any mistaken arrest would be, and we are sympathetic to Ms. Favors. However, Judge Dalzell's opinion, in which he explains his reasons for granting summary judgment for the defendants (primarily on grounds of qualified immunity) is compelling and sound, hence we affirm.

The facts, as set forth in Marshal Smith's affidavit, may be briefly summarized as follows: On August 29, 2000, an arrest warrant was issued by the Court of Commons Pleas in Lycoming County for Charlotte Robinson, a fugitive who had violated the terms

2

of her parole. Deputy Marshal Smith was detailed to locate Robinson. From the report he was provided, Smith learned that Robinson had previously lived with another fugitive named Sylvia Melton, and that the two may have moved to Philadelphia together. With the help of Officer Gregory Laszlo of the Philadelphia Police Department, Smith discovered that Melton was receiving public assistance and had listed her address as 4429 Walnut St. On April 4, 2001, Smith went to 4429 Walnut and met with the building manager, Jim Steuber. Smith showed Steuber pictures of Robinson, and Steuber told him that someone resembling the woman in the pictures lived in Apt. 3R and had a name similar to "Charlotte Robinson." Favors was twenty-eight at the time of the arrest, 5'6" and 175 lbs.; Robinson was thirty-one, 5'8" and 165 lbs.

The following morning at around 7:45, Smith, joined by two Philadelphia police officers and two state troopers, attempted to serve the warrant on Robinson. In fact, the woman living in Apt. 3R was not Robinson, but Sharletta Favors. When Favors and her boyfriend, who also lived in the apartment, refused to permit Smith to enter, Smith opened the door with a key obtained from Steuber. Smith sought to arrest Favors, who denied that she was Charlotte Robinson. She produced a driver's license and Social Security card listing her name as Sharletta Favors. Smith nonetheless arrested her and took her into custody. According to Favors, Smith grabbed and pulled her during the arrest, causing her to fall into a chair. She was released several hours later, when her fingerprints showed that she was not, in fact, Robinson.

The case essentially turns on the uncontradicted affidavit of Smith, as Favors did not submit an affidavit in response to the summary judgment motion. Judge Dalzell concluded that Smith acted reasonably. More specifically, the Judge reasoned that if Smith's affidavit is believed, then he had sufficient justification to arrest Smith, based on (1) his belief that Robinson lived with Melton; (2) the records search showing that Melton resided at 4429 Walnut; and (3) Steuber's identification of Favors from the pictures of Robinson.[1] Our review is plenary, and we agree.

Favors argues that a mistaken arrest pursuant to a valid warrant can never be reasonable, but the cases she cites for that proposition do not so hold.[2] Additionally Favors argues that even if Smith's affidavit is accepted as true, several jury questions remain. Again, we disagree. First, while we do not gainsay that, as a general proposition, reasonable people can disagree as to resemblance, there was no counter to Smith's affidavit stating that Favors resembles Robinson. And the arguments of inadmissable hearsay fail because the challenged evidence that Melton received public assistance at 4429 Walnut and the statement from Steuber that someone resembling Robinson lived in Apartment 3R were not offered for their truth.

---

[1]The District Court rejected Favors' excessive force claim, finding that she had submitted no evidence in support of it. This conclusion is correct, as there was nothing in the record before Judge Dalzell to support Favors' claim that she was grabbed or pushed. The Court also dismissed the remaining defendants for various reasons, none relevant to this appeal.

[2]*See Berg v. County of Allegheny*, 219 F.3d 261, 266 (3d Cir. 2000) (per curiam); *Rogers v. Powell*, 120 F.3d 446, 453-54 (3d Cir. 1997).

4

The judgment of the District Court will be affirmed.[3]

---

[3]Favors has made two procedural arguments which are lacking in merit. She made a Rule 56(f) motion requesting additional discovery but only after the District Court granted summary judgment. Based on the plain language of Rule 56(f), Favors' motion was correctly denied in the absence of an affidavit. She also challenges Judge Dalzell's decision to deny her Rule 60(b) motion. We review this ruling for abuse of discretion and find none.